**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **PATRIOTIC VETERANS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:10-cv-723-WTL-TAB** |
| | ) | |
| **STATE OF INDIANA, ex rel. GREG** | ) | |
| **ZOELLER, ATTORNEY GENERAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY ON MOTION TO STAY**

The Court recently granted the Plaintiff's motion for summary judgment in this case and entered a judgment that enjoined the Attorney General of Indiana from enforcing the Indiana Automatic Dialing Machine Statute, Indiana Code 24-5-14-1 *et seq.* ("IADMS") with respect to any interstate telephone call made to express a political message.  The Defendants have now moved to stay enforcement of the judgment pending resolution of their appeal.  For the reasons set forth below, the motion to stay is **DENIED**.

The Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 62(c), which provides that a court may suspend an injunction while an appeal is pending.  Such a stay "has been termed an extraordinary remedy," *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973), and in deciding whether such a remedy is appropriate courts are to consider the following factors:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In this case, the public interest and irreparable harm prongs are merged, inasmuch as the

Defendants argue that "[i]f the Court's declaratory judgment and injunction are not stayed, irreparable harm will befall Indiana citizens, who wish to avoid the imperious, incessant, harassing ringing of the telephone caused by vast numbers of robocalls."  Defendants' Brief at 2. With all due respect to the Defendants, there is simply no evidence to support the assertion that the injunction will lead to any Indiana citizen being forced to endure "imperious" and "incessant" telephone calls.  The Defendants point to the popularity and success of Indiana's Do-Not-Call Law and the widespread public appreciation of the Attorney General's enforcement efforts with regard to that statute, none of which the Court questions, as evidence that the injunction would injure Indiana citizens.  This argument misses the mark, however, and is more than a little ironic in light of the fact that the Indiana Attorney General has expressly interpreted the Do-Not-Call Law to permit calls seeking political contributions, *see National Coalition of Prayer, Inc. v. Carter*, 455 F.3d 783, 784 (7th Cir. 2006) ("The Indiana Attorney General has also recognized an 'implicit exclusion' for calls soliciting political contributions."), and the injunction similarly would permit only calls made for the purpose of expressing a political message.  The popularity of the Do-Not-Call Law demonstrates only that a large majority of Indiana citizens do not wish to receive telephone *solicitations*; it says little, if anything, about the desire of Indiana citizens to receive automated calls regarding political issues.  While the Court does not doubt that some Indiana citizens will be annoyed by the type of automated calls that are permitted because of the injunction in this case, there is simply no evidence to support the parade of horribles predicted by the Defendants.

In determining whether a stay is appropriate, the annoyance of receiving automated calls espousing political messages must be balanced against the injury that will be suffered by the

2

Plaintiff and others if such calls are not permitted.  There is no doubt that "[p]olitical speech has long been considered the touchstone of First Amendment protection in Supreme Court jurisprudence," *id.* at 791, and while the Defendants are correct when they point out that the Court did not address the issue of whether the IADMS violates the First Amendment, that does not change the fact that the calls the Plaintiff wishes to make implicate strong First Amendment interests.  Indeed, in addition to the Plaintiff's desire to speak, there are undoubtedly some Indiana citizens who will view the calls in question as positively contributing to the political dialogue in this state and therefore welcome them.  The Defendants' own expert acknowledged as much in his testimony.  *See* Smith Dep. at 66.

Absent the injunction, the Plaintiff would be prohibited from making automated calls to Indiana citizens expressing political views during the upcoming election season.  The Court finds that this lost opportunity to use an economical and efficient means to engage in the political process would constitute substantial injury to the Plaintiff and others.  Given this balance of potential harms, the Court determines that even if it is assumed that the Defendants have shown a likelihood of success on the merits, they are nonetheless not entitled to the extraordinary remedy of a stay pending appeal.  Accordingly, the Defendants' motion is **DENIED**.

SO ORDERED:  12/13/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification